The Honorable Mary Anne Salmon State Senator #29 Heritage Park Circle North Little Rock, AR 72116
Dear Senator Salmon:
You have presented the following question for my opinion:
 Under Act 1506 of 2001, must public elementary schools, beginning June 1, 2005, offer one hour of visual art and offer an additional hour of instruction in music each calendar week?
RESPONSE
It is my opinion that under Act 1506 of 2001, beginning June 1, 2005, public elementary schools must offer both one hour of visual art instruction and one hour of music instruction each calendar week.
The portions of Act 1506 of 2001 that are the focus of your question are codified at A.C.A. § 6-16-130, which states in pertinent part:
 (a)(1) By no later than June 1, 2002, every public elementary school in the state shall provide instruction in visual art or music based on the state visual art and music frameworks for a period of not less than forty (40) minutes each calendar week of the school year.
* * *
 (b)(1) By no later than June 1, 2005, every public elementary school in the state shall provide instruction in visual art and music based on the state visual art and music frameworks for a period of not less than one (1) hour each calendar week of the school year.
* * *
 (3) The instruction required by this subsection shall be provided by a licensed teacher certified to teach art or music, as applicable.
A.C.A. § 6-16-130(b).
As an initial matter, I note that the Arkansas Department of Education has enacted no rules or regulations that provide any guidance in interpreting the above quoted statutory language. Moreover, although the statute makes reference to "the state visual art and music frameworks," these frameworks do not address the issue of the amount of classroom time that is to be spent on any given subject.
Nevertheless, certain subtleties in the language of the statute itself give some indication of the legislative intent. First, I will dispose of any suggestion that the instruction is to be combined as a one-hour "art and music" class. The fact that the instruction must be provided by a licensed teacher who is certified to teach art or music indicates that the instruction in art and music cannot be combined. Although it is possible that some teachers may be certified to teach both art and music, this combination would be unusual. Because both subjects must be offered, and because both must be taught by a teacher who is certified in that subject, the intent appears to have been to hold separate art and music classes.
The question then remains as to how much time is required to be spent on each subject. In this regard, I find guidance in the particular the differences in the requirements that apply, respectively, before and after June 1, 2005. Before June 1, 2005, the statute requires that public elementary school provide instruction in visual art or music. After June 1, 2005, the statute requires that public elementary schools provide instruction in visual art and music. Thus, before June 1, 2005, school had a choice of offering either art or music instruction. However, they were required to provide the instruction (whether in art or in music) for a period of 40 minutes per week. Thus, students were receiving either 40 minutes of art instruction, or 40 minutes of music instruction.
The fact that the legislature increased the required period of instruction to one hour per week after June 1, 2005, and at the same time required that both art and music instruction be given (and that they be given separately), indicates that the overall intent of this legislation was to increase public school students' exposure to art and music. To interpret the statute as requiring only one hour of instruction split between art and music would have the effect of reducing the amount of instruction being provided in whichever of the two subjects had been offered by the school prior to June 1, 2005. That is, prior to June 1, 2005, schools were providing instruction in either music or art for a full 40 minutes. It is unlikely that the legislature intended that this period of instruction be reduced to 30 minutes of instruction in order to accommodate the other subject — particularly in light of the clear legislative intent to increase exposure to art and music. For this reason, I conclude that the intent of A.C.A. § 6-16-130(b) is to require that public schools, after June 1, 2005, provide one hour of instruction in art and one hour of instruction in music each week.
I note one other practical consideration that bolsters my interpretation of the statute. Classes in art and music typically require some amount of preparation and clean-up time. If these classes were limited to 30 minutes which must also include preparation and clean-up tasks, it is unlikely that any meaningful amount of instruction or learning could be accomplished.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General